IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| KENNETH WALTON GEORGE, DENNIS REED BOWEN, CLYDE FREEMAN, GEORGE MOYERS, JIM MATTHEWS, and HENRY MILLER, on their own behalf and on behalf of a class of persons similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>DUKE ENERGY RETIREMENT CASH BALANCE PLAN and DUKE ENERGY CORPORATION,<br><br>  Defendants. | C/A No.: 8:06-cv-373-RBH<br><br><br><br><br><br><br><br>**ORDER** |

Plaintiffs brought this lawsuit against Duke Energy Corporation and Duke Energy Retirement Cash Balance Plan (collectively referred to as "Duke") challenging various aspects of Duke's 1997 conversion from its traditional pension plan to a cash balance plan.

Pending before the court is Plaintiffs' [Docket Entry #33] motion to certify class filed on April 27, 2006. Plaintiffs seek certification of a class of individuals to include all current and former participants in the Duke cash balance pension plan. Plaintiffs also seek certification of two subclasses: 1) ERISA age discrimination subclass consisting of participants over the age of 40; and 2) opt-in subclass with respect to ADEA claims, also consisting of participants over the age of 40.

On June 2, 2008, this court issued an Order: 1) granting in part and denying in part Defendants' [Docket Entry #83] motion for judgment on the pleadings; 2) denying Plaintiffs' [Docket Entry #98] motion for partial summary judgment; 3) granting Defendants' [Docket

Entry #106] cross motion for partial summary judgment; and 4) granting in part and denying in part Plaintiffs' [Docket Entry #116] motion to amend the scheduling order and the complaint.

Specifically, the court dismissed Plaintiffs' ERISA age discrimination claim, ADEA disparate treatment claim, backloading claim, and two components of Plaintiffs' breach of fiduciary duty claim.  Plaintiffs' remaining claims are: 1) ADEA disparate impact claim based on the "wear away" effect (count two); 2) claim for improper lum sum calculations (count three); 3) claim based on improper interest rate credit for plan years 1997 and 1998 (count four); and 4) breach of fiduciary duty claim based on a) misrepresentation of the effects of the cash balance conversion,[1] and b) arbitrary adjustments to participants' opening account balances in attempts to avoid ERISA's notice requirements (count six).

In light of this court's recent rulings, Plaintiffs' motion to certify a class is **MOOT** with regard to Plaintiffs' claims that did not survive Duke's motions for judgment on the pleadings and partial summary judgment.  Plaintiffs' motion to certify class is **DENIED without prejudice with leave to refile** with regard to Plaintiffs' remaining claims.

Assuming Plaintiffs elect to refile their motion to certify a class, Plaintiffs are to address class certification issues separately with regard to each remaining claim Plaintiffs intend to pursue on a class-wide basis, and consult with opposing counsel to determine if there is any agreement on any of the remaining claims and class certification thereof.

Because Plaintiffs are not pursuing class certification for their breach of fiduciary duty claim based on misrepresentation, that claim will proceed on an individual basis.

---

[1] Plaintiffs have indicated that they no longer wish to pursue class certification of their breach of fiduciary duty claim based on misrepresentation, but intend to pursue that claim on an individual basis. [Plaintiffs' Reply Memorandum in Support of Motion for Class Certification, at pg. 18, Docket Entry #93].

To address the issues raised in Duke's [Docket Entry #186] motion to extend the expert disclosure, discovery, and mediation deadlines, and also the parties' joint letter of May 30, 2008 regarding scheduling order dates, the parties are to confer and submit a proposed joint amended scheduling order.

**IT IS SO ORDERED**.

Florence, South Carolina  
June 2, 2008

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge