IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| KENNETH WALTON GEORGE, DENNIS REED BOWEN, CLYDE FREEMAN, GEORGE MOYERS, JIM MATTHEWS, and HENRY MILLER, on their own behalf and on behalf of a class of persons similarly situated, | C/A No.: 8:06-cv-373-RBH |
| Plaintiffs, | |
| v. | **ORDER** |
| DUKE ENERGY RETIREMENT CASH BALANCE PLAN and DUKE ENERGY CORPORATION, | |
| Defendants. | |

Pending before the court is Defendants' [Docket Entry #204] motion to dismiss Plaintiffs' breach of fiduciary duty claim. For the reasons that follow, the court denies Defendants' motion to dismiss Plaintiffs' breach of fiduciary duty claim.[1]

This putative class action arises from Defendant Duke Energy Corporation's conversion of its traditional defined benefit plan to a cash balance plan. On June 2, 2008, the court issued orders on a motion for judgment on the pleadings filed by Defendants; cross motions for partial summary judgment filed by Plaintiffs and Defendants; Plaintiffs' motion to amend the scheduling order and complaint; and Plaintiffs' motion for class certification. *See George v. Duke Energy Retirement Cash Balance Plan*, 560 F. Supp. 2d 444 (D.S.C. 2008); *George v. Duke Energy Retirement Cash Balance Plan*, C/A No. 8:06-cv-373-RBH, 2008 WL 2717743

---

[1] Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing.

(D.S.C. June 2, 2008). In the orders, which are incorporated herein by reference, the court granted in part and denied in part Defendants' motion for judgment on the pleadings; denied Plaintiffs' motion for partial summary judgment and granted Defendants' cross motion for partial summary judgment; granted in part and denied in part Plaintiffs' motion to amend the scheduling order and complaint; and denied without prejudice Plaintiffs' motion for class certification.

On June 18, 2008, Plaintiffs filed an amended complaint alleging three causes of action: 1) an ERISA claim for benefits under 29 U.S.C. § 1132(a)(1) based on the allegation that Defendants failed to properly calculate participants' lump sum distributions - whipsaw claim; 2) an ERISA claim for benefits under 29 U.S.C. § 1132(a)(1) based on the allegation that Defendants miscalculated interest credits for the 1997 and 1998 Plan years; and 3) an ERISA breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) based on the allegations that: a) Defendants misled employees about the purpose and effects of the conversion from a defined benefit plan to a cash balance plan; and b) Defendants committed numerous errors in the calculation of opening account balances.

Defendants now move to dismiss Plaintiffs' breach of fiduciary duty claim.

When reviewing a motion made under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported

by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. A complaint attacked by a motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974; *see also*, *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Self v. Norfolk Southern Corp.*, No. 07-1242, 2008 WL 410284, at *1 (4th Cir. February 13, 2008) (unpublished).

As stated, Plaintiffs' breach of fiduciary duty claim is comprised of two sub-parts. First, Plaintiffs allege that Defendants "breached their fiduciary duties by misleading employees about the effects of the conversion to the Cash Balance Plan and the purpose behind certain amendments to the Plan concerning the calculation of interest credits." [Amended Complaint, at ¶ 92, Docket Entry #197]. Second, Plaintiffs allege that Defendants "breached their fiduciary duties by committing numerous errors in the calculation of opening account balances. For instance, Duke Energy and/or its designee set and then arbitrarily changed opening account balances for numerous employees chosen at its discretion in attempts to circumvent the notice requirements of ERISA § 204(h). Duke Energy through explicit publications led participants to believe that it was determining opening account balances based on a four-step process. In actuality, there was a Step 5, intentionally not communicated to participants, where Duke Energy would arbitrarily make adjustments to selected account balances in hopes of avoiding the notice requirements of ERISA § 204(h)." *Id*. at ¶ 93. In connection with their opening account balance claims, Plaintiffs allege that as a result of Defendants' "discretionary alteration of account balances, participants' benefits under the Cash Balance Plan are not definitely determinable as required under 26 U.S.C. § 401(a)(25)." *Id*. at ¶ 94. Lastly, Plaintiffs allege that Defendants failed to inform participants about the arbitrary revisions to the opening

balances of selected participants and also failed to inform participants of the reasons for making such revisions and the criteria for determining which participants would have their opening balances revised.

Defendants' principal argument is that their conduct in establishing opening account balances was not fiduciary conduct, but was settlor conduct. Defendants also contend that Plaintiffs suffered no cognizable harm from Defendants' alleged alterations to selected participants' opening account balances or any misleading communications concerning how opening account balances were established because if there were any adjustments to opening account balances those adjustments benefitted the participants. Defendants also contend that the relief Plaintiffs request is not available for their breach of fiduciary duty claim.

Defendants' arguments are generally well-taken; however, in the court's view, Defendants' arguments are directed more toward the merits of Plaintiffs' claims than the sufficiency of Plaintiffs' pleading.[2] Furthermore, it is unclear from the record before the court whether Defendants' alleged arbitrary adjustments to opening account balances was merely settlor conduct. When employers adopt, modify, or terminate welfare plans, they do not act as fiduciaries; their actions are analogous to settlors of a trust. *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996). Yet, Plaintiffs' allegations, taken as true, that Defendants arbitrarily adjusted selected participants' opening account balances in an effort to subvert or avoid ERISA's notice requirements, may go beyond the settlor functions of adopting, modifying, or

---

[2] Defendants argue that Plaintiffs have asserted new claims in their breach of fiduciary duty claim - an interim administration claim and a claim that the cash balance plan was void *ab initio*. Plaintiffs, however, merely assert these facts, not as separate claims, but as relevant evidence to provide context to their breach of fiduciary duty/opening balance claim.

4

terminating a welfare plan. Plaintiffs have alleged sufficient facts to state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. at 1974. Similarly, with regard to the relief requested, Plaintiffs have alleged facts which <u>may</u> entitle them to the relief requested.

In conclusion, Defendants' [Docket Entry #204] motion to dismiss Plaintiffs' breach of fiduciary duty claim is **DENIED**.

**IT IS SO ORDERED**.

Florence, SC  
March 31, 2009

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

5