IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kenneth Walton George, Dennis Reed Bowen, Clyde Freeman, George Moyers, Jim Matthews, and Henry Miller, on their own behalf and on behalf of a class of persons similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>Duke Energy Retirement Cash Balance Plan and Duke Energy Corporation,<br><br>                Defendants. | Civil Action No. 8:06-373-RBH-WMC<br><br>**O R D E R** |

This matter is before the court on the plaintiffs' motion for *in camera* review, to abrogate privilege, and to compel (doc. 283), which was referred to this court by the Honorable R. Bryan Harwell, United States District Judge. The plaintiffs' amended class action complaint alleged causes of action under the Employee Retirement Income Security Act ("ERISA"). One of those causes of action is a claim for benefits under 29 U.S.C. § 1132(a)(1) based on the allegation that defendants Duke Energy Retirement Cash Balance Plan and Duke Energy Corporation (collectively referred to as "Duke") failed to properly calculate participants' lump sum distributions (the "whipsaw claim").

A hearing was held before this court on Tuesday, May 4, 2010. The plaintiffs contend that Duke had a clear duty to disclose in discovery certain documents regarding an IRS determination letter proceeding that concerned a plan provision relevant to the whipsaw claim. They claim that Duke violated this duty and concealed the matter by failing to educate its Rule 30(b)(6) witness. The plaintiffs argue that the attorney-client privilege

and work product doctrine claimed by Duke should be abrogated pursuant to the crime/fraud exception with regard to certain categories of documents memorializing communications between and among Duke's attorneys. Duke argues that this is a routine discovery dispute, that the materials were not the subject of a proper discovery request, and that it was under no duty to supplement prior discovery responses since "the determination letter materials did not make prior responses incomplete or incorrect" (Duke resp. at 23). Duke further argues that it did not violate the duty to educate a Rule 30(b)(6) witness by keeping the witness "in the dark" so that he could not testify about the IRS determination letter process (Duke resp. 27-31).

Following the hearing, this court ordered Duke to produce the following documents for *in camera* review: all communications and documents (including electronic documents) memorializing communications, between and among Duke, its attorneys at Sidley Austin LLP, and Duke's in-house counsel, and any notes or memoranda, from September 15, 2007, through October 2, 2009, which discuss, reference, contemplate, or relate in any way to:

> (1) producing or not producing in this litigation documents concerning the IRS determination letter proceedings
>
> (2) producing or not producing in this litigation the retroactive amendments resulting from the IRS determination letter proceedings;
>
> (3) supplementation requirements of Federal Rule of Civil Procedure 26(e) vis-a-vis documents generated in the course of the IRS determination letter proceedings;
>
> (4) the materiality or relevance of the documents generated in the course of the IRS determination letter proceedings to this litigation;
>
> (5) the use of the defendants' objection #11 to avoid supplementation of Responses to the plaintiffs' Requests for Production;

(6) educating or not educating Mr. Richard Jefferies, Duke's Rule 30(b)(6) representative, with regard to the complete corporate knowledge concerning the IRS determination letter proceedings as they related to the issues of whipsaw and §5.04(c);

(7) advising or not advising the court in this litigation concerning the IRS determination letter proceedings and the positions taken by the IRS;

(8) advising or not advising the IRS that § 5.04(c) to the 1999 Plan was directly at issue in this litigation;

(9) advising or not advising the IRS that claims for whipsaw payments under the 1999 Plan were directly at issue in this litigation;

(10) supplementing/amending or not supplementing/amending the defendants' Answers to Local Rule 26.03 Interrogatories;

(11) producing or not producing the signed retroactive amendment to the 1999 Plan in this litigation; and

(12) the timing and form of production of the retroactive amendments resulting from the renewed determination letter process.

Duke produced the documents for *in camera* review on May 21, 2010. This court has now reviewed the documents and finds no evidence to establish the claim that the crime-fraud exception to privilege applies. Accordingly, the plaintiffs' motion to abrogate privilege and to compel (doc. 283) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

May 24, 2010

Greenville, South Carolina