# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| **KENNETH WALTON GEORGE,** *et al.,* ) | **Case No.: 8:06-CV-00373-JMC** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **DUKE ENERGY RETIREMENT CASH** ) | |
| **BALANCE PLAN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## FINAL ORDER AND JUDGMENT

On February 8, 2011, this Court entered an order that, *inter alia*, granted preliminary approval of the Settlement Agreement and approved the form and manner of the Mailed Notice and Publication Notice (the "Preliminary Approval Order").

On May 16, 2011, the Court held a fairness hearing (the "Fairness Hearing"), for which the Classes had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Preliminary Approval Order, Mailed Notice, and the Publication Notice.

Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence concerning the motion for Final Approval of the Settlement Agreement, and this Court having been duly advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Court has jurisdiction over the subject matters of this Action, the Plaintiffs, the Class Members, and the Defendants pursuant to 29 U.S.C. § 1132(e).

2. To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement.

3. The Court hereby approves and confirms the Settlement Agreement as being fair, reasonable, and adequate. The Court also determines that (a) the Settlement Agreement is in the best interest of the Plaintiffs and the Class Members, (b) the Settlement Agreement is fair, reasonable and adequate, and (c) the Settlement Agreement is the product of informed, arms'-length and non-collusive negotiations between the Parties.

4. The Court hereby reaffirms that, pursuant to Federal Rule 23(a) and (b)(3), (a) the joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class Members; (c) the claims raised by Plaintiffs are typical of the claims of the Class Members; (d) the Class Representatives have fairly and adequately represented the interests of the Classes; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. The Court determines that the Mailed Notice and Publication Notice (collectively, the "Notice") that was provided to the Class Members constituted the best notice practicable under the circumstances and provided adequate notice to all Class Members. The Mailed Notice and Publication Notice comply with Rule 23 of the Federal Rules of Civil Procedure and with due process, and were reasonably calculated under the facts of this Action to apprise the Class Members of the proposed Settlement and of their right to object to and be heard regarding the Settlement and the Petition for Class Counsel's Fees, Expenses and Incentive Awards.

6. The form and manner of the CAFA Notice provided by Duke Energy Corporation pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") fully complied with

CAFA.

7. The Court has duly considered the two objections to the Settlement that were filed and overrules them.

8. The payment of Settlement Awards out of the Settlement Fund shall constitute a payment of Plan benefits and the Costs of Administration, if paid by the Plan, are reasonable administrative expenses of the Plan. The Court approves the Plan of Allocation and the disbursement of the Settlement Fund in the manner described in the Settlement Agreement (See Exhibits C and D to the Settlement Agreement). In addition, this Court approves the form and substance of the Settlement Plan Amendment that Duke has submitted in conjunction with the final approval of the Settlement. The Settlement Awards shall be distributed as reflected in the Settlement Plan Amendment, and such distribution is final.

9. The Court approves payment of the Costs of Administration out of the Settlement Fund in the amount of $ 804,706.92 as requested in the Parties' submissions to the Court and finds that the requested amount is reasonable to reimburse and pay for the Costs of Administration herein, including (a) the costs of printing, mailing, and publishing the CAFA Notice, Mailed Notice, and Publication Notice, (b) any costs incurred for the establishment and maintenance of a website for providing information about the Settlement Agreement to Class Members, (c) any costs incurred for the establishment and maintenance of a call center to respond to questions from Class Members, (d) the expert or consultant fees for the creation and implementation of a methodology for calculating and distributing the Settlement Awards, (e) the costs incurred by AonHewitt, Towers Watson, Pension Portal LLC, the Northern Trust Company, and any other agreed-upon vendor or consultant to gather required data, perform calculations of the Settlement Awards, locate persons who are not

Current Plan Participants entitled to Settlement Awards or distribute the Settlement Awards, including the establishment of any new Plan accounts or subaccounts (or any combination of such services), (f) costs relating to group Class Member meetings or conference calls for purposes of responding to questions from Class Members and explaining the terms of the proposed Settlement Agreement to Class Members, and (g) all other costs agreed to by the Parties as necessary and appropriate for the implementation of this Settlement Agreement.

10. The Court hereby dismisses the Action against the Defendants with prejudice on the merits.

11. The Court lifts any remaining restrictions on Duke's communications with employees who are Class Members, including any restrictions imposed pursuant to the Court's orders of June 7, 2010 and June 30, 2010.

12. The Released Claims, as defined in the Settlement Agreement, are released and discharged as of the Effective Date of this Final Order and Judgment.

13. In addition, as provided in Sections 1.45 and 4.4 of the Settlement Agreement, Plaintiffs and the Class Members are enjoined and barred from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims against any Releasee either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.

14. The Court hereby decrees that the Settlement Agreement, the Preliminary Approval Order, this Final Order and Judgment, all drafts of the foregoing, and any negotiations or proceedings relating to the foregoing shall not be construed as or deemed to be evidence of an admission,

concession, or of any liability or wrongdoing by any Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action.

15. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction to implement, interpret, or enforce the Final Order and Judgment, the Preliminary Approval Order, and the Settlement Agreement.

16. In the event that this Final Order and Judgment is reversed, vacated, or modified in any material respect, then any and all orders entered pursuant to the Settlement Agreement, including this Final Order and Judgment, shall be deemed vacated. Under such circumstances, each Party to the Settlement Agreement shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

17. This Court hereby retains exclusive jurisdiction over Plaintiffs, Defendants, the Class Members and the Action with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement.

SO ORDERED this 16th day of May, 2011.

                                                    s/ J. Michelle Childs
                                                   J. MICHELLE CHILDS
                                                   United States District Judge
                                                   District Court of South Carolina